FILED

2008 Feb-06  AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON ROLLINS AND ERICA ROLLINS,<br><br>PLAINTIFF,<br>V.<br><br>NELSON, WATSON & ASSOCIATES, LLC<br><br>DEFENDANT. | } } } } } } } } | CIVIL ACTION NUMBER: |

## PLAINTIFF'S COMPLAINT

1.  THIS IS AN ACTION BROUGHT BY THE PLAINTIFFS, SHANNON ROLLINS AND ERICA ROLLINS, FOR ACTUAL AND STATUTORY DAMAGES, ATTORNEY'S FEES, AND COSTS FOR DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.* (HEREINAFTER "FDCPA"). PLAINTIFF ALSO SEEKS COMPENSATORY AND PUNITIVE DAMAGES FOR THE DEFENDANT'S VIOLATIONS OF ALABAMA'S COMMON LAWS SET FORTH HEREIN.

## JURISDICTION AND VENUE

2.  THIS COURT HAS JURISDICTION UNDER 15 U.S.C. §1692K (D), AND 28 U.S.C. §1331, §1332, AND §1367. VENUE IS PROPER IN THAT THE DEFENDANT TRANSACTED BUSINESS HERE, AND THE PLAINTIFF RESIDES HERE.

## PARTIES

3.  THE PLAINTIFFS ARE RESIDENTS AND CITIZEN OF THE STATE OF ALABAMA, CALHOUN COUNTY, AND ARE OVER THE AGE OF TWENTY-ONE (21) YEARS.

4.  THE DEFENDANT, NELSON, WATSON & ASSOCIATES, LLC ("NELSON WATSON"), IS A FOREIGN LIMITED LIABILTY COMPANY, WHICH WAS, IN ALL RESPECTS AND AT ALL TIMES RELEVANT HEREIN, DOING BUSINESS IN THE STATE OF ALABAMA. THE DEFENDANT IS ENGAGED IN THE BUSINESS OF COLLECTING CONSUMER DEBTS FROM CONSUMERS RESIDING IN CALHOUN COUNTY, ALABAMA AND IS A "DEBT COLLECTOR," AS DEFINED BY THE FDCPA 15 U.S.C. §1692A(6).

## FACTUAL ALLEGATIONS

5.   BY CORRESPONDENCES DATED AUGUST 20, 2007, DEFENDANT ARRANGED FOR THE PREPARATION AND TRANSMITTAL OF A LETTER TO PLAINTIFF DEMANDING PAYMENT OF A DEBT ALLEGEDLY DUE "LVNV FUNDING" IN THE AMOUNT OF $4,041.79.

6.   THE LETTER WAS RECEIVED BY SHANNON ROLLINS AT HIS RESIDENCE IN ANNISTON, ALABAMA.

7.   THE ALLEGED DEBT OF SHANNON ROLLINS CLAIMED IN THE LETTER WAS INCURRED FOR PERSONAL, FAMILY, OR HOUSEHOLD SERVICES.

8.   SUBSEQUENTLY, DEFENDANT CALLED ERICA ROLLINS, THE WIFE OF SHANNON ROLLINS, ON HER BUSINESS PHONE REFERENCING THE ALLEGED DEBT.

9.   SHANNON ROLLINS CALLED DEFENDANT AND SPOKE WITH STEVEN VEATOR, AN AGENT AND/OR EMPLOYEE OF DEFENDANT, AND NOTIFIED HIM THAT ERICA ROLLINS WAS NOT ALLOWED TO RECEIVE SUCH PHONE CALLS ON HER BUSINESS PHONES, AND FURTHERMORE, THAT DEFENDANT COULD NOT CONTACT MEMBERS OF HIS FAMILY IN REGARDS TO THE ALLEGED DEBT.

10.  NEVERTHELESS, APPROXIMATELY TWO WEEKS LATER, AN AGENT AND/OR EMPLOYEE OF DEFENDANT NAMED "SHERRY" AGAIN CALLED ERICA ROLLINS ON HER BUSINESS PHONE REGARDING THE ALLEGED DEBT.

11.  THE AGENT AND/OR EMPLOYEE OF DEFENDANT ALSO STATED TO ERICA ROLLINS THAT SHE WAS CALLING FROM THE "PRE-LITIGATION" DEPARTMENT.

12.  SUBSEQUENTLY, ON SEPTEMBER 5, 2007, SHANNON ROLLINS WAS CONTACTED BY PHONE BY AN AGENT AND/OR EMPLOYEE OF DEFENDANT, ALSO IDENTIFYING HERSELF AS "SHERRY" FROM THE "PRE-LITIGATION" DEPARTMENT WHO STATED THAT DEFENDANT WAS GOING TO SUE PLAINTIFF SHANNON ROLLINS TO COLLECT THE ALLEGED DEBT.  IN THE COURSE OF THAT CONVERSATION, "SHERRY" HARASSED AND BELITTLED THE PLAINTIFF BY STATING THAT HE NEEDED TO "BE A MAN" AND PAY HIS DEBTS.

13.  UPON INFORMATION AND BELIEF, THE STATUTE OF LIMITATIONS ON THE DEBT ALLEGEDLY OWED BY SHANNON ROLLINS EXPIRED PRIOR TO THIS DEFENDANT'S COLLECTION EFFORTS. DESPITE THIS FACT, "BETTY SUTHERLAND" WHO, UPON INFORMATION AND BELIEF IS AN AGENT AND OR EMPLOYEE OF THIS DEFENDANT STATED ON SEPTEMBER 5, 2007 THAT THE STATUTE OF LIMITATIONS HAD NOT EXPIRED ON THE ALLEGED DEBT.

14.  ON SEPTEMBER 5, 2007, SHANNON ROLLINS SENT A LETTER TO THIS DEFENDANT DISPUTING THE VALIDITY OF THIS DEBT. NO VALIDATION OR VERIFICATION OF THIS ALLEGED DEBT WAS PROVIDED TO SHANNON ROLLINS DESPITE TIMELY RECEIVING HIS DISPUTE LETTER WITHIN THIRTY DAYS OF THE INITIAL COMMUNICATION.

15.   IT IS THE POLICY AND PRACTICE OF DEFENDANT TO HARASS, THREATEN, AND COERCE ALLEGED DEBTORS, AND TO DISREGARD DEBTORS' REQUESTS NOT TO BE CONTACTED AT INCONVENIENT PLACES, AND NOT TO PROVIDE VALIDATION OF ALLEGED DEBTS EVEN WHEN REQUIRED TO DO SO UNDER THE LAW.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

16.   THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 15 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

17.   THE DEFENDANT HAS ENGAGED IN COLLECTION ACTIVITIES AND PRACTICES IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (HEREINAFTER REFERRED TO AS "FDCPA") WITH RESPECT TO THE PLAINTIFF'S ALLEGED CONSUMER DEBT.

18.   DEFENDANT COMMUNICATED WITH PLAINTIFFS AT UNUSUAL TIMES AND PLACES WHICH THEY KNEW OR SHOULD HAVE KNOWN WOULD BE INCONVENIENT TO PLAINTIFF, IN VIOLATION OF 15 U.S.C. § 1692C(A);

19.   DEFENDANT COMMUNICATED WITH PERSONS OTHER THAN PLAINTIFF, WITHOUT THE PRIOR CONSENT OF PLAINTIFF OR THE PERMISSION OF THE COURT, AND FOR PURPOSES OTHER THAN EFFECTUATING A JUDGMENT, IN VIOLATION OF 15 U.S.C. § 1692C(B);

20.   DEFENDANT ENGAGED IN CONDUCT THE NATURAL CONSEQUENCE OF WHICH WAS TO HARASS, OPPRESS, OR ABUSE PLAINTIFF AND OTHER PARTIES IN CONNECTION WITH COLLECTION OF A DEBT, IN VIOLATION OF 15 U.S.C. § 1692D;

21.   DEFENDANT USED FALSE, DECEPTIVE, OR MISLEADING MISREPRESENTATIONS OR MEANS IN CONNECTION WITH THE COLLECTION OF A DEBT, IN VIOLATION OF 15 U.S.C. § 1692E; AND

22.   DEFENDANT USED UNFAIR OR UNCONSCIONABLE MEANS TO COLLECT OR ATTEMPT TO COLLECT A DEBT, IN VIOLATION OF 15 U.S.C. § 1692F.

23.   AS A PROXIMATE RESULT OF THE DEFENDANT'S ACTIONS, THE PLAINTIFF WAS CAUSED TO SUFFER ACTUAL DAMAGES FOR WORRY, HUMILIATION, FEAR, LOSS OF SLEEP, ANXIETY, NERVOUSNESS, PHYSICAL SICKNESS, PHYSICAL PAIN AND MENTAL ANGUISH.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

24.   THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 23 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

25.   THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE CONDUCT SET FORTH HEREIN WHICH WAS DIRECTED AT AND VISITED UPON THE PLAINTIFF.

26.     THE DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT SAID CONDUCT WAS IMPROPER.

27.     THE DEFENDANT NEGLIGENTLY FAILED TO TRAIN AND SUPERVISE COLLECTORS IN ORDER TO PREVENT SAID IMPROPER CONDUCT.

28.     THE DEFENDANT RECKLESSLY AND WANTONLY FAILED TO TRAIN AND SUPERVISE COLLECTORS ON THE FDCPA AS IT RELATES TO COMMUNICATIONS WITH CONSUMERS AND THIRD PARTIES.

29.     AS A RESULT OF THE DEFENDANT'S NEGLIGENCE, THE PLAINTIFF SUFFERED HUMILIATION, LOSS OF SLEEP, ANXIETY, NERVOUSNESS, PHYSICAL SICKNESS, PHYSICAL AND MENTAL SUFFERING, PAIN, AND ANGUISH.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

30.     THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 29 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

31.     THE DEFENDANT KNEW OR SHOULD HAVE KNOWN OF THE CONDUCT SET FORTH HEREIN WHICH WAS DIRECTED AT AND VISITED UPON THE PLAINTIFF.

32.     THE DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT THE SAID CONDUCT WAS IMPROPER.

33.     THE DEFENDANT RECKLESSLY AND WANTONLY FAILED TO TRAIN AND SUPERVISE COLLECTORS IN ORDER TO PREVENT SAID IMPROPER CONDUCT.

34.     THE DEFENDANT RECKLESSLY AND WANTONLY FAILED TO TRAIN AND SUPERVISE COLLECTORS ON THE FDCPA AS IT RELATES TO COMMUNICATIONS WITH CONSUMERS AND THIRD PARTIES.

35.     AS A RESULT OF THE DEFENDANT'S RECKLESSNESS AND WANTONNESS, THE PLAINTIFF SUFFERED HUMILIATION, LOSS OF SLEEP, ANXIETY, NERVOUSNESS, PHYSICAL SICKNESS, PHYSICAL AND MENTAL SUFFERING, PAIN, AND ANGUISH.

## PRIVATE NUISANCE

36.     THE PLAINTIFF ADOPTS THE AVERMENTS AND ALLEGATIONS OF PARAGRAPHS 1 THROUGH 35 HEREINBEFORE AS IF FULLY SET FORTH HEREIN.

37.     PLAINTIFFS ALLEGE THAT DEFENDANTS' INTENTIONAL, MALICIOUS, AND/OR NEGLIGENT CONDUCT WORKED HURT, INCONVENIENCE AND DAMAGE TO THEM INDIVIDUALLY SUCH THAT WOULD AFFECT ORDINARY AND REASONABLE PEOPLE.

38.   PLAINTIFFS ALLEGE THAT AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS' CONDUCT THE PLAINTIFFS SUFFERED DAMAGES AS DESCRIBED HEREIN BELOW.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DEMANDS A JUDGMENT AGAINST THE DEFENDANT AS FOLLOWS:

A.   DECLARATORY JUDGMENT THAT THE DEFENDANT'S CONDUCT VIOLATED THE FDCPA;
B.   STATUTORY DAMAGES OF $1,000 FROM THE DEFENDANT FOR THE VIOLATIONS OF THE FDCPA (15 U.S.C.§1692K);
C.   ACTUAL DAMAGES FOR THE DEFENDANT'S VIOLATIONS OF THE FDCPA;
D.   COSTS AND REASONABLE ATTORNEY'S FEES FROM THE DEFENDANT PURSUANT TO 15 U.S.C.§1692K; AND
E.   COMPENSATORY AND PUNITIVE DAMAGES AGAINST DEFENDANT IN THE AMOUNT OF $250,000.00 ON PLAINTIFF'S STATE LAW CLAIMS FOR DAMAGES DUE TO THE NEGLIGENT TRAINING AND SUPERVISION, RECKLESS AND WANTON TRAINING AND SUPERVISION, AND PRIVATE NUISANCE.

/S/ WHITNEY SEALS
WHITNEY SEALS
ASB 8890-W81S
PATE & COCHRUN
P.O. BOX 10448
BIRMINGHAM, AL 35202-0448
PHONE (205) 323-3900

/S/ MICHAEL W. LINDSEY
MICHAEL W. LINDSEY
ASB 4328-A63L
OF COUNSEL:
WEAVER TIDMORE, LLC
300 CAHABA PARK CIRCLE, STE 200
BIRMINGHAM, AL 35242
PHONE: (205) 980-6065

## SERVE DEFENDANT VIA CERTIFIED MAIL:

NELSON, WATSON & ASSOCIATES, LLC
c/o National Registered Agents, Inc.
150 S. Perry St.
Montgomery, Al 36104